UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALEMAYEHU GETACHEW,

  **Plaintiff,**

v.

CENTRAL OHIO TRANSIT
AUTHORITY,

  **Defendant.**

Case No. 2:11-cv-860
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. No. 10.) For the reasons set forth below, the Court **GRANTS** the defendant's motion.

### I. BACKGROUND

The facts relied upon in this Opinion and Order were taken from the pleadings or documents that are properly considered part of the pleadings. *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (documents are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim); *see also Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (if extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment).

On June 2, 2009, the plaintiff applied to the defendant for a position as a bus driver. The plaintiff was not hired for the position.

On September 30, 2011, the plaintiff filed the complaint in this action alleging that he did not receive the bus driver position based upon discrimination, retaliation, and violations of his

constitutional rights. The plaintiff alleges that the defendant's failure to hire him violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1983, and 42 U.S.C. § 1981.

On January 6, 2012, the defendant filed its motion to dismiss. (Doc. No. 10.) On January 17, 2012, the plaintiff filed a motion for an extension of time in which to file his memorandum in opposition to the defendant's motion, requesting to be permitted to file the memorandum by February 17, 2012. (Doc. No. 12.) This Court granted the plaintiff's motion and permitted the plaintiff to file the memorandum by February 20, 2012. (Doc. No. 13.) The plaintiff failed his opposition memorandum.

## II. STANDARDS

### A. Dismissal For Failure to State a Claim

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

### B. *Pro Se* Litigants

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent

standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110).

### III. ANALYSIS

The defendant argues that it is entitled to dismissal of all of the plaintiff's claims against it. This Court agrees.

### A. Title VII

Under Title VII, if the Equal Employment Opportunity Commission has elected not to prosecute a citizen's discrimination charge, it shall notify the petitioner of his or her right to initiate a private enforcement lawsuit. "Within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). The federal courts have strictly enforced Title VII's ninety-day statutory limit. In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) (per curiam), an opinion that dismissed a *pro se* Title VII complaint filed outside of the limitations period, the Supreme Court stated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are

3

not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* at 152 ("experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law").

The federal courts have strictly enforced Title VII's ninety-day statutory limit. In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) (per curiam), an opinion that dismissed a pro se Title VII complaint filed outside of the limitations period, the Supreme Court stated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* at 152.

In the instant action, the Equal Employment Opportunity Commission issued its Notice of Right to Sue to the plaintiff on August 3, 2010. The plaintiff, however, did not file this action until four hundred and twenty eight (428) days later, well outside of the ninety-day time limit. Consequently, the plaintiff's claims filed under Title VII are untimely.

## B. 42 U.S.C. § 1983

"[T]he appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). The plaintiff alleges that he applied for employment with the defendant on June 2, 2009. Consequently, the two year statute of limitations on his Section 1983 claim expired on June 2, 2011. By filing his complaint on September 30, 2011, the plaintiff missed the deadline for filing his Section 1983 claim by approximately one hundred and twenty (120) days. His claim is, therefore, untimely.

4

## C. 42 U.S.C. § 1981

Originally enacted in 1870, 42 U.S.C. § 1981 provides in pertinent part that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." Section 1981 thus prohibits racial discrimination in the making of contracts and affords a federal remedy against racial discrimination in private employment. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460-61 (1975). In 1989, however, the Supreme Court held that while the "make and enforce contracts" language of Section 1981 proscribed discriminatory hiring, it did not proscribe discriminatory termination or other discriminatory actions occurring after the employment relationship was formed. *Patterson v. McLean Credit Union*, 491 U.S. 164, 177-78 (1989).

The Sixth Circuit explains that "[i]in the wake of *Patterson*, Congress passed the Civil Rights Act of 1991, which amended § 1981 by designating its original text, quoted above, as subsection (a) and by adding a new subsection (b) to define the term 'make and enforce' contracts to include 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 512 (6th Cir. 2003) (citing 42 U.S.C. § 1981(b)). This amendment effectively reversed *Patterson* and permitted the use of Section 1981 to challenge alleged race discrimination not only in the formation of the employment relationship, but in "post-formation" employment actions as well.

On December 1, 1990, Congress passed 28 U.S.C. § 1658, a general statute of limitations applicable to all federal statutes enacted after that date, which states in pertinent part: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date

5

of enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658.

> The Sixth Circuit has explained the effect of 28 U.S.C. § 1658 on Section 1981:
>
> We now hold that the four-year statute of limitations set forth in 28 U.S.C. § 1658 does indeed apply to § 1981 claims insofar as they arise under the portion of the statute enacted by the Civil Rights Act of 1991. That legislation undisputably created new legal rights that did not exist prior to its passage.

*Id.* at 514. *See also Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 374-375 (2004) (adopting reasoning in *Anthony*).

Thus, Section 1981 claims premised upon alleged discriminatory actions occurring after the formation of the employment relationship, such as the failures to promote, are actionable only by virtue of legislation enacted after December 1, 1990, and by its terms 28 U.S.C. § 1658 therefore applies to them. However, Section 1981 claims premised upon alleged discriminatory actions occurring before the formation of the employment relationship, such as discriminatory hiring at issue in this case, are not subject to 28 U.S.C. § 1658. Because section 1981 does not contain its own statute of limitations, these type of claims are governed by the most appropriate or analogous state statute of limitations to apply to Section 1981 claims, which the Sixth Circuit has held to be two years. *See Moore v. Potter*, 47 Fed. App'x 318, 320 (6th Cir. 2002) (citing *Lukens Steel Co.*, 482 U.S. 656, 660-62 (1987) (federal courts apply the state personal injury statute of limitations to Section 1981 claims); Ohio Rev. Code § 2305.10.

Accordingly, like the result in his Section 1983 claim, by filing his complaint on September 30, 2011, the plaintiff missed the deadline for filing his Section 1981 claim by approximately one hundred and twenty (120) days. His claim is, therefore, untimely.

6

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the defendant's motion to dismiss. (Doc. No. 10.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

5-3-2012
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE