# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ALEMAYEHU GETACHEW,

    Plaintiff,

v.

CENTRAL OHIO TRANSIT
AUTHORITY,

    Defendant.

Case No. 2:11-cv-860
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on the plaintiff's motion for reconsideration of this Court's decision that granted the defendant's motion to dismiss (Doc. No. 16) and the defendant's motion to strike the plaintiff's reply brief (Doc. No. 20). For the reasons set forth below, the Court **DENIES** both motions.

## I. BACKGROUND

On June 2, 2009, the plaintiff applied to the defendant Central Ohio Transit Authority ("COTA") for a position as a bus driver. The plaintiff was not hired for the position. The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission against COTA, which was dismissed on August 3, 2010.

On September 30, 2011, two years, three months and twenty-eight days later, the plaintiff filed this action alleging that his denial of employment at COTA was based on violations of his constitutional rights and because of illegal discrimination and retaliation. The plaintiff alleged that the defendant's failure to hire him violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1983, and 42 U.S.C. § 1981.

On January 6, 2012, the defendant filed a motion to dismiss, arguing that the plaintiff filed his complaint outside the statute of limitations for each of his asserted claims. On May 3, 2012, the Court granted the defendant's motion to dismiss.

On May 31, 2012, the plaintiff filed his motion for reconsideration of the Court's May 3, 2012 decision (Doc. No. 16) and on June 21, 2012, the defendants filed their memorandum in opposition (Doc. No. 17). On October 26, 2012, the plaintiff filed his reply brief in support of his motion. (Doc. No. 19.)

On November 5, 2012, the defendants filed a motion to strike the plaintiff's reply brief. (Doc. No. 20.) The plaintiff filed a memorandum in opposition to the defendants' motion to strike on November 15, 2012. (Doc. No. 21.)

## II. MOTION FOR RECONSIDERATION

The plaintiff does not indicate the vehicle upon which he relies in his request for reconsideration of this Court's decision. Thus, the Court will evaluate his motion under both Rule 59 and Rule 60 of the Federal Rules of Civil Procedure.

### A. Standards

Federal Rule of Civil Procedure 59(e) allows district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice.

2

*GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Rule 60 of the Federal Rules of Civil Procedure provides for relief from judgment in certain circumstances:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To grant or deny a motion for relief from judgment under Rule 60(b) is within the sound discretion of the trial court. *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (citations omitted). "'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Charter Township of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (citations omitted).

3

## B. Analysis

In his motion, the plaintiff appears to argue that the Court improperly determined which statutes of limitations applied to his claims. Specifically, he asserts that "there are no grounds for determining the time limitation." (Mot. for Reconsid. ¶ 1). He bases this argument on his opinion that the Court erred because the plaintiff's final contact with a COTA employee was June 9, 2009, and therefore the statutes of limitations on his claims should have begun to run on June 9, 2009, rather than June 2, 2009. Second, he alleges that COTA employee Bryan Ware "lied on his affidavit." (Compl. ¶ 34.)

Even if the Court were to credit the plaintiff's arguments, nothing about the testimony of Ware alters the accrual of the applicable statutes of limitations nor does commencing those statutes on June 9, 2009, as opposed to June 2, 2009, save his claims. With the statutes of limitation commencing on June 9, 2009, the plaintiff still missed the filing deadlines for his § 1981 and § 1983 claims by nearly four months (113 days) and for his Title VII claim by two years, three months and twenty-one days.

The Court concludes that the plaintiff offers no sufficient reason for this Court to grant him the relief he requests.

## III. MOTION TO STRIKE

The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. *See* Fed. R. Civ. P. 12(f) (limited to striking pleadings or portions of pleadings). Instead, trial courts make use of their inherent power to control their dockets, *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003), when determining whether to strike documents or portions of documents. *See also Link v.*

4

*Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (trial court's possess inherent power to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases").

The defendant asks the Court to strike the plaintiff's reply brief as untimely since it was filed four months after the defendant's memorandum in opposition was filed. *See* S. D. Ohio Civ. R. 7.2(a)(2) ("A reply memorandum may be served within fourteen (14) days after the date of service of the memorandum in opposition."). While the defendant provides grounds for striking the plaintiff's reply brief, the Court finds it unnecessary to do so. This is because even if the Court were to rely upon the reply brief, nothing in it changes the Court's conclusion that the plaintiff is not entitled to relief from the Court's judgment in favor of the defendant.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** the plaintiff's motion for reconsideration of this Court's decision that granted the defendant's motion to dismiss (Doc. No. 16) and **DENIES** the defendant's motion to strike the plaintiff's reply brief (Doc. No. 20).

**IT IS SO ORDERED.**

3-5-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5